**Norris SHEALY, Plaintiff–Appellant,**

v.

**Honorable William L. WINSTON; Honorable Thomas R. Monroe, Honorable Joseph C. Gwaltney, Defendants–Appellees.**

No. 90–1447.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1991.

Decided April 11, 1991.

As Amended May 6, 1991.

Thomas Dawson Pearson, Jr., argued, Arlington, Va., for plaintiff-appellant.

Barbara J. Gaden, Asst. Atty. Gen., argued (Mary Sue Terry, Atty. Gen., Gail Starling Marshall, Deputy Atty. Gen., and William H. Hauser, Sr. Asst. Atty. Gen., on brief), Office of the Atty. Gen., Richmond, Va., for defendants-appellees.

Before CHAPMAN and WIDENER, Circuit Judges, and MULLEN, United States District Judge for the Western District of North Carolina, sitting by designation.

MULLEN, District Judge:

Appellant Norris Shealy appeals from the decisions of the district court dismissing his complaint. Shealy asserts that the district court erred in granting summary judgment for appellees against the first count in his complaint, which alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Shealy also argues that the district court erred in not granting him

leave to file an amended complaint to assert a new count. For the reasons stated below, we affirm the decisions of the district court.

## I.

Shealy filed this action on October 23, 1989, against the Honorable William L. Winston, the Honorable Thomas R. Monroe, and the Honorable Joseph C. Gwaltney, who are judges in the Arlington County Circuit and District Courts of Virginia. The first count in the complaint alleges that Shealy's age was a motivating factor in the decision to force appellant to retire. Count II seeks damages for the intentional infliction of emotional distress. Count III alleges the breach of appellees' obligations to deal with Shealy in good faith.

On a motion for summary judgment by the appellees, the district court dismissed Shealy's second and third counts. Shealy has not challenged those decisions in this appeal.

After taking the deposition of Shealy, the appellees moved for summary judgment on the remaining count, which alleges age discrimination. Prior to the hearing on that motion, Shealy moved to amend his complaint to add a new count that the appellees violated established public policy of Virginia by forcing him to retire because of his age. The district court granted summary judgment for the appellee judges and denied the appellant's motion to amend the complaint. Shealy then filed a notice of appeal challenging those orders.

## II.

Shealy has raised two issues on appeal: (1) whether the district court erred in granting summary judgment against the count of the complaint alleging a forced retirement based on his age and (2) whether the district court erred in denying Shealy's request to amend his complaint.

▮▮▮▮ This court reviews the decision granting summary judgment by the same standard applied by the district court, *i.e.*, whether there exists a genuine issue of material fact. In reviewing the evidence as it relates to a motion for summary judgment, this Court must, of course, view all evidence in the light most favorable to the non-moving party, appellant Shealy. *Ballinger v. North Carolina Agr. Extension Services*, 815 F.2d 1001 (4th Cir.), *cert. denied*, 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). The court reviews the refusal of leave to amend the complaint for an abuse of discretion. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir.1980).

## III.

The facts viewed in the light most favorable to the appellant are as follows. Norris Shealy was a magistrate in Arlington County, Virginia, from March 1970 through June 1989. He served as chief magistrate during his four most recent terms in office. Shealy has stated in an affidavit that he was called to a meeting on June 7, 1989, before Judges Winston, Monroe and Gwaltney and that at the meeting Judge Gwaltney told him, "Norris, I hate to do this, but we have had a meeting, and we have concluded that you must retire because you are too old. There is no *quid pro quo* in this; this is final."[1] Shealy then informed the judges that he had another year remaining on his current appointment as a magistrate, a fact that Shealy states the appellees did not know. Shealy's deposition and affidavits from appellees show that they told Shealy that he could remain as a regular magistrate to complete his term, but would have to surrender his position as chief magistrate and work with a new chief magistrate. There was no conversation at the meeting regarding Shealy's pay, retirement benefits or other working conditions. Shealy has stated that he assumed that the position would be at a reduced pay level and that he might have to work night shifts, but he admitted that no one at the meeting told him this. Before the meeting terminated, the appellees

---

1. The appellees deny having made or heard this statement at the hearing. However, for purposes of the motion for summary judgment, the court must assume that the statement was made as stated in Shealy's affidavit.

undisputedly told Shealy that they would check with the legislature to see what new position could be arranged and that they would meet again with Shealy in about a week to discuss the options further.

That same afternoon, Judge Winston called legislative officials to inquire about the creation of a temporary magistrate position for Shealy at the same pay and benefits that he received as chief magistrate. Judge Winston learned of the approval of the creation of such a post within two days of the meeting. However, Shealy called Judge Gwaltney either one or two days after the meeting and stated that he had decided to retire rather than complete his term as a regular magistrate. He chose June 30, 1989, as the effective date of his retirement. Shealy expressed his concern about the difficulty of working with a new chief magistrate after having been the chief magistrate for nineteen years. He felt that it would put both the new chief magistrate and him in an "awkward position." None of the judges informed Shealy of the approval of the new magistrate position or of the pay and retirement benefits for that position. Shealy subsequently retired as planned on June 30, 1989.

### IV.

Motions for summary judgment in cases alleging age discrimination normally center on the role of age as a factor in an employment decision. Were that the case here, summary judgment would clearly be inappropriate because there is a factual dispute whether the judges told Shealy that he had to retire because he was "too old." However, the issue here is whether there was an adverse employment decision at all. It is critical to the analysis of this case that Shealy did not allege in his complaint a discriminatory demotion from chief magistrate to regular magistrate because of his age. He has alleged solely that the appellees forced him to retire. Therefore, he cannot, and has not, argued that the proposed change in his position from chief magistrate to regular magistrate is a basis for his claim of age discrimination.

■ Summary judgment is not appropriate when there is an issue of fact for a jury to determine at trial, which is the case when there is sufficient evidence favoring the non-moving party upon which a jury can return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Supreme Court has explained that summary judgment is appropriate when a party, after adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Failure of proof of an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552.

■ In this case, Shealy clearly bears the burden of proving that there was an adverse employment decision that can form the basis of his claim for age discrimination. *EEOC v. Western Electric Co.,* 713 F.2d 1011, 1014 (4th Cir.1983); *Lovelace v. Sherwin Williams Co.,* 681 F.2d 230 (4th Cir.1982). Because the evidence, even viewed in the light most favorable to Shealy, shows that there was no adverse employment decision by appellees as alleged in the complaint, summary judgment against him was proper.

■ The evidence clearly shows that when Shealy left the meeting on June 7, 1989, he understood that the judges would check with legislative officials regarding the creation of a new position and that the parties would have a follow-up meeting shortly thereafter to discuss the alternatives. Although there is evidence that the judges were ready to force Shealy to retire at the beginning of the meeting, the evidence is undisputed that by the end of the meeting the appellees would attempt to create a new position and would discuss the matter further with Shealy. This was no empty promise by the appellees, as they acted promptly and received approval for the position with dispatch.

Shealy clearly acted precipitously in informing Judge Gwaltney one or two days after the initial meeting that he planned to retire at the end of the month. He clearly decided to retire before waiting to learn the results of the inquiries regarding the new position. Although appellees did not inform Shealy of the terms of the approved position after he chose to retire, Shealy concedes that the judges were under no legal duty to do so.

 Shealy has argued that there is an issue of fact as to whether he voluntarily retired or was constructively discharged. The evidence presented by Shealy falls far short of establishing an issue of fact on a constructive discharge theory. The evidence shows that Shealy merely felt that working with a new chief magistrate would be "awkward" and that he thought he might have to work a night shift, although the appellees did not tell him this. As explained in *Bristow v. Daily Press, Inc.*, 770 F.2d 1251 (4th Cir.1985), *cert. denied*, 475 U.S. 1082, 106 S.Ct. 1461, 89 L.Ed.2d 718 (1986), in order to establish a constructive discharge, the employee must show the deliberateness of the employer's actions and the intolerability of the working conditions. We need not address the question of the deliberateness of the appellees' actions because there is a complete failure by Shealy to demonstrate intolerable working conditions. Merely "awkward" situations cannot support a claim of constructive discharge.

The evidence also fails to raise a genuine issue of material fact as to the voluntariness of Shealy's retirement. Reviewing the evidence under the factors outlined in *Stone v. University of Maryland Medical System*, 855 F.2d 167 (4th Cir.1988), the court finds no factual issue present. Shealy was undisputedly given an alternative,

that of continuing as a regular magistrate. At the meeting with the appellees he was told as much detail on the position as a regular magistrate as they had at the time. To the extent he did not completely understand the nature of the alternative position, this is the result of his deciding to retire before learning more at the planned follow-up meeting. There is no issue that Shealy was not given reasonable time to decide. Finally, he chose the effective date of his resignation. Therefore, under the *Stone* analysis, there is no factual issue as to the voluntariness of his retirement.

Because the evidence shows without dispute that Shealy voluntarily retired and was not constructively discharged, there was no adverse employment decision upon which he could base a claim of age discrimination under his complaint.[2] Therefore, summary judgment for the appellees was proper.[3]

## V.

 Shealy has also challenged the district court's decision to deny his request to amend the complaint. The proposed amendment would not have alleged discrimination in the job demotion or made any change in the claim of age discrimination, but merely would have added a new count alleging a violation of the established public policy of Virginia through the actions of appellees. Denial of the motion to amend was well within the discretion of the district court. Because summary judgment on the age discrimination claim was proper, the amended complaint before the court would contain solely the new state claim under pendent jurisdiction. Such a claim would then be dismissed under the doctrine outlined in *United Mine Workers v. Gibb*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218

2. Had Shealy alleged a discriminatory demotion from his position as chief magistrate, the alleged statement by Judge Gwaltney as to age being the reason for removing him as chief magistrate may well have created a genuine issue of material fact. However, appellant would then face the barrier of proving any damages when he clearly would have been employed as a regular magistrate at the same salary and benefits he received as chief magistrate.

Because the appellant is limited to the claim of a forced retirement, as alleged in the complaint, we do not address that situation.

3. Because of our decision on this issue, we need not address Judge Monroe's separate claim that he is also entitled to summary judgment because he was not an "employer" under the Age Discrimination in Employment Act.

(1966). The proposed amendment clearly would be "futile," which is a proper ground for denying a motion to amend. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

### VI.

The Court finds no error in the district court's granting of summary judgment or in the decision denying leave to amend the complaint.

Accordingly, the judgment of the district court is

AFFIRMED.