8 F.3d 816
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joan ADDISON, Plaintiff-Appellant,
v.
Robert MCQUAY, Baltimore County Government Personnel,
Criminal Justice Coordinator Staff, Defendant-Appellee.
 No. 92-1779.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 26, 1993.
Decided: October 25, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Joan Addison, Appellant Pro Se.
 John A. Austin, Assistant County Attorney, Towson, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before WIDENER, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Joan Addison appeals the district court's denial of leave to amend and the dismissal without prejudice of her complaint filed under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e (1988)), for failure to name the correct defendant. We vacate the dismissal order and remand for further proceedings.
 
 
 2
 Addison, proceeding pro se, filed a complaint against the Baltimore County Government Personnel Department, the Criminal Justice Coordinator's Office, and Robert McQuay, alleging various acts of racial discrimination and retaliatory discharge. The Defendants moved to dismiss, relying on the Baltimore County charter which provides that Baltimore County is the only entity capable of being sued; its subdivisions are not subject to process.
 
 
 3
 Addison thereafter retained counsel, who moved for leave to amend the complaint to name the proper defendant, and in response to the motion to dismiss, stated that all defects would be cured. These documents contained certificates of service which attest to service upon the court, but not upon the Defendants. The district court denied the motion for leave to amend because Addison did not attach the original of the proposed amended complaint, as required by Local Rule 103.6 (D. Md. 1989), nor did she serve the motion upon the Defendants. See Fed. R. Civ. P. 5(a). The court also granted the Defendants' motion to dismiss, due to Addison's failure to name the proper defendant. Addison appealed.
 
 
 4
 The denial of a motion for leave to amend is reviewed for abuse of discretion. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). Addison, through her counsel, requested leave to amend. Because this motion was procedurally defective in its failure to comply with Fed. R. Civ. P. 5, and Local Rule 103.6, we cannot say the district court abused its discretion in denying the motion.
 
 
 5
 Although the Baltimore County Government Personnel Department and the Criminal Justice Coordinator's Office may be improper parties according to the Baltimore County Charter, the district court did not consider whether Robert McQuay was a proper party. McQuay, as an agent of Baltimore County, may fall within the definition of "employer" set forth in 42 U.S.C. § 2000e(b) (1988).* While McQuay may not be a proper party or be in no way responsible, the record does not permit either of those conclusions at this time. The facts as to McQuay's role and authority are not sufficiently set out in the record on appeal to make this determination.
 
 
 6
 Accordingly, we affirm the judgment of the district court as to Baltimore County, but as to McQuay we vacate the order of the district court dismissing the complaint and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED IN PART; VACATED AND REMANDED IN PART
 
 
 
 *
 An "employer" includes "a person engaged in an industry affecting commerce who has fifteen or more employees ..., and any agent of such a person." 42 U.S.C. § 2000e(b) (1988)