Desmond RICKETTS, Plaintiff–Appellant,

v.

Hugh VANN; Billy Vann; Hugh Vann & Son, Incorporated; Murfreesboro Farms, Incorporated; Percy Bunch; Francis M. Bunch, Defendants–Appellees,

and

James T. Flakes; Jeanette Flakes, Defendants.

No. 93–2447.

United States Court of Appeals, Fourth Circuit.

Argued May 12, 1994.

Decided Aug. 5, 1994.

**ARGUED:** Robert James Willis, Raleigh, NC, for appellant. James Nicholas Ellis, Poyner & Spruill, L.L.P., Rocky Mount, NC, for appellees. **ON BRIEF:** L. Frank Burleson, Jr., Revelle, Burleson, Lee & Revelle, Murfreesboro, NC, for appellees Vann; Ronald G. Baker, Baker, Jenkins, Jones & Daly, Ahoskie, NC, for appellees Bunch.

Before CHAPMAN, Senior Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation, and KNAPP, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by published opinion. Senior Circuit Judge CHAPMAN wrote the opinion, in which District Judge ELLIS and Senior District Judge KNAPP joined.

## OPINION

CHAPMAN, Senior Circuit Judge:

Desmond Ricketts, a migrant farm worker, was injured when he fell from the rear of a

pickup truck owned and operated by the farm labor contractor for whom he worked. Ricketts initiated this action against James and Jeanette Flakes ("the Flakes"), the farm labor contractors; Hugh Vann & Son, Hugh Vann and Billy Vann ("the Vanns"), who are watermelon growers; and Murfreesboro Farms, Inc., and its principals, Percy Bunch and Francis Bunch, (collectively "the Bunches"), who are also watermelon growers, alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C.A. § 1801 *et seq.*, for the injury he sustained from the fall, for violation of record keeping requirements, for alleged acts of negligence concerning the Vanns' and the Bunches' employment of the Flakes as their labor contractor, and for failure to meet vehicular requirements mandated by the AWPA. After a hearing, the district court granted the Vanns' and the Bunches' summary judgment motions.[1] Ricketts now appeals, and we affirm.

## I.

Ricketts was a migrant farm worker who harvested watermelons in Murfreesboro, North Carolina in 1988, 1989 and 1990. He was not recruited to perform farm work, but traveled to Murfreesboro to find work. During his work in Murfreesboro, Ricketts paid for a hotel room in Ahoskie, N.C.

After contacting the Flakes, Ricketts obtained employment in 1989 as a "loader" and in 1990 as a "cutter." Loaders went behind the cutters in the watermelon fields and loaded the cut melons onto the trucks. The trucks, once full, went to the packing shed, owned by the Bunches, where the melons were unloaded into bins or onto tractor-trailer trucks. Cutters are given some instruction, but ultimately it is their decision whether a melon is ripe for cutting. The Flakes prepared all the pay records of their workers and were the sole source of instruction for the workers. Ricketts testified that neither the Vanns nor the Bunches came to the fields to supervise his work. However, James Flakes testified that Hugh Vann and Percy Bunch had the right to and did personally discharge particular members of the Flakes crew when the crew was destroying produce.[2]

During the summers of 1989 and 1990, the Vanns were engaged in the production of melons and other agricultural crops near Murfreesboro. During those summers, the Flakes were farm contractors (as the term is defined by the AWPA, § 1802(7)) and the Vanns contracted with the Flakes to furnish labor crews to harvest their melons in the summers of 1989 and 1990.

During the same time period, the Bunches through Murfreesboro Farms, Inc., were in the business of raising, harvesting and brokering melons. Neither the Bunches nor Murfreesboro Farms had an agreement with the Flakes to harvest their crops. Ricketts stated that he thought he was working for the Bunches because "we would go into the packing house with [Percy Bunch]." Murfreesboro Farms frequently advanced money to the various farm labor contractors, including the Flakes, on behalf of the growers for whom they were performing services, which money was recovered by way of deductions from the amounts due the various growers on the purchase of their watermelons.

On July 25, 1990, Ricketts was injured when he fell from the back of a pickup truck owned by the Flakes. Ricketts did not know who the driver of the truck was, but he had ridden in the truck from the Bunches' packing shed to a local gas station. As the truck left the station, Ricketts fell. Ricketts was treated at a local hospital and released the same day.

Ricketts filed this action against the Flakes and the Vanns and later amended his complaint to include the Bunches. The complaint alleged that both the Bunches and the Vanns were either employers or joint employers of Ricketts in 1989 and 1990, and set forth numerous claims, four of which are relevant to this appeal. First, Ricketts alleged that the defendants failed to comply with the recruitment requirements of 29 U.S.C.A. § 1821(a) regarding pay records, the requirements of the statute and regula-

---

**1.** The Flakes and Ricketts eventually settled their dispute, which is not at issue on this appeal.

**2.** Flakes, however, could not recall a specific instance of this type of discipline.

tions relating to providing plaintiff with itemized pay statements, and that in violation of their agreement with Ricketts, they failed to pay state or federal unemployment and social security taxes due on Ricketts' wages. Second, he alleged actual damages as a result of the Vanns and the Bunches violation of 29 U.S.C.A. § 1841(b)(1)(A)-(C) for transporting him in a vehicle that did not meet safety and equipment standards and was not fully insured. Third, Ricketts alleged violations of 29 U.S.C.A. § 1842, for the Vanns' and the Bunches' failure to determine whether the Flakes possessed a valid certificate of registration which authorized the Flakes to transport farm workers. Fourth, Ricketts alleged that the Vanns and the Bunches negligently hired and retained the Flakes as farm labor contractors.

■ Both the Bunches and the Vanns successfully moved for summary judgment on all claims. To prevail on his first two claims, Ricketts had to establish that the Vanns and the Bunches were the joint employers of Ricketts with the Flakes in 1989 and 1990. In addressing this issue, the court used the nine factors outlined in *Haywood v. Barnes*, 109 F.R.D. 568, 587 (E.D.N.C.1986): (1) ownership of the property and facilities where the work occurred; (2) degree of skill required to perform the job; (3) investment in equipment and facilities; (4) permanency and exclusivity of employment; (5) nature and degree of control of the workers; (6) degree of supervision, direct and indirect, of the work; (7) power to determine the pay rates or the methods of payment of the workers; (8) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; and (9) preparation of payroll and payment of wages. "The presence or absence of any individual factor is not dispositive of whether the economic realities indicate the existence of an employee/employer relationship. Such a determination depends 'upon the circumstances of the whole activity.'" *Id.* at 587 (citation omitted).

■ As to the Vanns, the court found first that they leased the property on which the

melons were grown, and they did not own other facilities where harvesting activities occurred. Second, farm work is unskilled labor, which required no direction from the Vanns. Third, the Vanns had no investment in equipment. Fourth, Ricketts did not work exclusively on the Vann's leased property. Fifth, there was no evidence that the Vanns exercised any control over the Flakes employees, including Ricketts. Sixth, there was no evidence that the Vanns supervised the work, directly or indirectly, or that they had a right to do so. Seventh, the Flakes controlled exclusively the pay rates for the workers. Eighth, no evidence established that the Vanns ever hired, fired or modified the employment condition of any worker, including Ricketts. And ninth, the Flakes controlled all payroll and payment matters.

Based on these undisputed facts, the court found "no reasonable jury could find that the Vanns and the Flakes were joint employers of Ricketts ..." and the evidence would not support a finding that Vanns were "agricultural employers" as the term is defined in 29 U.S.C.A. § 1802(2) because the record was devoid of evidence that the Vanns recruited, solicited, hired, employed, furnished, or transported seasonal workers. Therefore, the Vanns could not be liable for failing to keep employment records mandated by the AWPA or for Ricketts' injuries sustained from the fall from the pickup because they were neither joint employers nor agricultural employers.

Under 29 U.S.C.A. § 1842, the Vanns were under a duty to take "reasonable steps to determine that the farm labor contractor possesses a certificate of registration which is valid and which authorizes the activity for which the contractor is utilized."[3] The Vanns inquired about the certificate and Jeanette Flakes produced a certificate which authorized the use of a 1973 Ford bus to transport workers and showed compliance with all of the safety, equipment and insurance requirements. Ricketts argued that the Vanns had a duty to make sure that the bus was the only vehicle that Flakes were using

**3.** A farmer does not have to meet the definition of a joint or agricultural employer to be liable under 29 U.S.C.A. § 1842.

to transport workers. The court rejected this argument, finding that "this would put an impossible burden on anyone employing the services of a farm laborer contractor, and it is not one required by the statute or any court decisions to which the court has been cited." Finally, the court found no evidence that the Vanns were responsible for any negligence involved with Ricketts' accident.

The court made substantially the same findings as to the Bunches. Ricketts' case against the Bunches was weakened by the fact that the Bunches did not hire the Flakes as their labor contractor. To conclude, the court said, "[s]uffice it to say that the evidence favoring the Bunch defendants with respect to each of the nine factors is even more compelling than that reviewed in connection with the Vann motion...." Accordingly, summary judgment was granted for the Vanns and the Bunches on all counts.

We review a district court's summary judgment award *de novo. Drewitt v. Pratt,* 999 F.2d 774, 778 (4th Cir.1993). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Shealy v. Winston,* 929 F.2d 1009, 1011 (4th Cir.1991). The facts, and the inferences to be drawn from the facts, must be viewed in the light most favorable to the party opposing the motion. *Id.*

## II.

### A.

■ Ricketts seeks damages against the Vanns and the Bunches for alleged violations of 29 U.S.C.A. §§ 1821(a), (d)(1–2), and 1841(b)(1)(A) (West 1985). In order to prevail, he must first show that the Vanns and/or the Bunches were "agricultural em-

ployer[s]" as defined in 29 U.S.C.A. § 1802(2)[4] or the joint employers with the Flakes. *See Howard v. Malcolm,* 852 F.2d 101, 104–05 (4th Cir.1988).[5] Under the AWPA, "[a] person is responsible as an 'employer' of another where the work 'follows the usual path of the employee,' and where as a matter of economic reality, the employee is dependent upon that person for their livelihood." *Haywood v. Barnes,* 109 F.R.D. 568, 586 (E.D.N.C.1986) (quoting *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 470–71 (11th Cir.1982)).

Ricketts first contends that the district court erred in not considering whether the Flakes were independent contractors of the Vanns and the Bunches, and if the Flakes were not independent contractors, then the Bunches and the Vanns must have been joint employers of Ricketts.

■ From our reading of the AWPA and the case law cited by Ricketts, principally *Castillo v. Givens,* 704 F.2d 181, 188 (5th Cir.), *cert. denied,* 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1983), we find no requirement that a court determine whether a labor contractor is an independent contractor when evaluating whether joint employment exists. In *Castillo,* the Fifth Circuit analyzed whether a labor contractor was the employee of a cotton farmer for purposes of determining whether the contractor and the farmer were joint employers of farm laborers. The court did not employ an independent contractor analysis, but commented that "in the event that [the labor contractor] were an independent contractor, this Court could conclude that [the labor contractor] was a joint employer with the [cotton farmer]; in this instance, the field workers would still be employees of the [cotton farmer]." *Id.* at 188. This language does not require an inde-

---

**4.** 29 U.S.C.A. § 1802(2) (West 1985) provides: "The term 'agricultural employer' means any person who owns or operates a farm, ranch processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker."

**5.** 29 C.F.R. § 500.20(h)(4)(i) (1993) defines joint employment as follows:

The term "joint employment" means a condition in which a single individual stands in the relation of an employee to two or more persons at the same time. A determination of whether the employment has to be considered joint employment depends upon all the facts in the particular case. If the facts establish that two or more persons are completely disassociated with respect to the employment of a particular employee, a "joint employment" does not exist.

pendent contractor analysis, nor does it mandate the result Ricketts seeks.

### B.

As previously noted, the district court employed the test established in *Haywood v. Barnes,* 109 F.R.D. 568 (E.D.N.C.1986) to determine whether the Vanns and/or the Bunches were the joint employers of Ricketts. We adopt the *Haywood* analysis, and conclude, after evaluating the facts in the light most favorable to Ricketts, that the district court properly determined that the Vanns and the Bunches were not the joint employers of Ricketts.

Although the Vanns leased the property on which the melons were grown, the Vanns did not own or lease the other facilities where the harvesting activities occurred, and the Flakes' crew, including Ricketts, worked on land owned or leased by other individuals.[6] Neither the Vanns nor the Bunches provided housing for the Flakes' crew. The Vanns provided no direction for the performance of the every day work, had no investment in equipment,[7] and exercised no control over the Flakes' employees, including Ricketts. While working on the Vanns' leased property, the Flakes controlled the rate and payment of wages. Finally, there was no evidence that the Vanns ever hired, fired or modified the employment condition of any worker.

Because the Bunches never hired the Flakes to perform labor, and Ricketts never performed any farm labor for them, we find Ricketts' argument that the Bunches were joint employers even less compelling. Although the Bunches' packing facilities were used by the Flakes and the Bunches advanced money to all of the local labor contractors, these two factors are not enough to establish that the Bunches were joint employers with the Flakes of the migrant workers in light of the overwhelming considerations to the contrary. The facts clearly

reflect that neither the Vanns nor the Bunches were the joint employers of Ricketts.

Ricketts argues that the district court left out two key considerations in its nine step analysis: (1) whether the Bunches and the Vanns were "completely disassociated" from the Flakes with respect to the employment of Ricketts, and (2) whether the "service rendered [by the Flakes] is an integral part of the alleged employer's business."

█ The "completely disassociated" argument is based on 29 C.F.R. § 500.20(h)(4)(i) (1993), which reads in its entirety: "A determination of whether the employment is to be considered joint employment depends upon all facts in the particular case. If the facts establish that two or more persons are completely disassociated with respect to the employment of a particular employee, a 'joint employment' situation does not exist." We find that the district court considered all the pertinent facts on this issue and rightly concluded that the Bunches and the Vanns were completely disassociated from Ricketts' employment.

Ricketts' second factor, which appears in *Real v. Driscoll Strawberry Assocs., Inc.,* 603 F.2d 748, 754 (9th Cir.1979), is only one of many considerations used by the Ninth Circuit to determine whether the defendant was the employer of migrant farm workers for purposes of the Fair Labor Standards Act. The court acknowledged that its list of six factors was not exhaustive and its final determination depended on all of the relevant facts wholly considered. The district court's use of the nine factors listed in *Haywood* was sufficient to determine that the Vanns and the Bunches were not the joint employers of Ricketts.

Furthermore, neither the Vanns nor the Bunches were the agricultural employers of Ricketts under the meaning of 29 U.S.C.A. § 1802(2). There is no evidence that either

---

**6.** The Flakes' workers were not bound by a contract and were free to work for other contractors. When work could no longer be found in the area, the workers would often go elsewhere seeking new employment.

**7.** Ricketts contests this point, arguing that the preparation of land and packaging expenses were ignored by the district court in evaluating the third criterion. These costs, however, are not directly associated with the labor contractor's harvesting of the melons.

family recruited, solicited, hired, employed, furnished or transported migrant workers.

## III.

Ricketts alleges that the Vanns and the Bunches violated 29 U.S.C.A. § 1842.[8] Although the Vanns inquired about and were shown the Flakes' valid certificate authorizing transportation of migrant farm workers in a 1973 Ford bus, Ricketts argues that the Vanns had an affirmative duty to inquire whether the Flakes were authorized to transport migrant workers in the pickup truck from which Ricketts fell. In support, Ricketts cites *Howard v. Malcolm*, 852 F.2d 101 (4th Cir.1988), where we held that § 1842 required a farmer to verify that the housing unit listed on the contractor's certificate of authorization was in fact the unit where the workers were staying.

The Vanns complied with the statute by determining that the Flakes had a valid certificate authorizing the transportation of migrant farm workers. The Vanns knew that the Ford bus was being used to transport the workers, primarily from the packing shed to the fields. The statute requires a farmer to take reasonable steps to verify that a labor contractor is authorized to transport the workers, but it does not impose an affirmative duty on a farmer to ensure that a migrant laborer does not ever ride in some other vehicle. Therefore, we find no violation of 29 U.S.C.A. § 1842.

## IV.

Finally, Ricketts maintains that appellees failed to act in a reasonably prudent manner as required by North Carolina law. Under North Carolina law, a contractee may be liable for the acts of an independent contractor, if it is shown that sufficient control was exercised by the contractee over the independent contractor. *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222, 234

(1991). In light of our conclusion under the *Haywood* analysis, we find no evidence that either the Vanns or the Bunches exerted sufficient control over the Flakes to make them liable to Ricketts under North Carolina law.

## V.

For the reasons set forth above, the decision of the district court is

*AFFIRMED.*

---

8. 29 U.S.C.A. § 1842 (West 1985) provides in relevant part:

No person shall utilize the services of any farm labor contractor to supply any migrant or seasonal agricultural worker unless the person first takes reasonable steps to determine that the farm labor contractor possesses a certifi-cate of registration which is valid and which authorizes the activity for which the contractor is utilized.

This code section is inapplicable to the Bunches since they did not contract with the Flakes for labor.