39 F.3d 1176
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: GREENBELT ROAD SECOND LIMITED PARTNERSHIP, Debtor.
Theresa Ryan SCHRIDER; Charles Joseph Schrider, Plaintiffs-Appellants,
v.
Roger SCHLOSSBERG, Trustee-Appellee.
 No. 94-1522.
 United States Court of Appeals, Fourth Circuit.
 Argued: September 28, 1994.
Decided: October 31, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, Senior District Judge. (CA-93-2265-HAR, BK-90-4-4213-SD)
 Paul V. Bennett, Brassel & Baldwin, P.A., Annapolis, Maryland, for Appellants.
 Roger Schlossberg, Schlossberg & Associates, Hagerstown, Maryland, for Appellee.
 Rignal W. Baldwin, Jr., Brassel & Baldwin, P.A., Annapolis, Maryland, for Appellants.
 D.Md.
 AFFIRMED.
 Before HALL, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This case commenced as an adversarial proceeding in the bankruptcy court instituted by Charles and Theresa Schrider (Schriders) against Roger Schlossberg (Schlossberg), the trustee in bankruptcy. The Schriders sought the imposition of a constructive trust with respect to earnest money that should have been, but was not, placed in escrow by the debtor, Greenbelt Road Second Limited Partnership (Greenbelt). Concluding that because Greenbelt had commingled the earnest money with its general funds from the outset, the bankruptcy court declined to impose a constructive trust in favor of the Schriders. The district court summarily affirmed. Like the bankruptcy court, we conclude that the Schriders are not entitled to a constructive trust and therefore affirm.
 
 I.
 
 2
 The material facts are not disputed. On May 31, 1989, Greenbelt and the Schriders entered into two contracts for the sale and purchase of two townhouses to be consummated August 24, 1990. The contracts provided that the Schriders pay Greenbelt earnest money on the two townhouses of $15,500 ($7,750 per townhouse) and that this earnest money be placed in escrow by Greenbelt. Rather than placing the earnest money in escrow, Greenbelt commingled it with its general funds. Prior to consummation of the contracts, Greenbelt defaulted and failed to return the earnest money.
 
 
 3
 Subsequently, on December 10, 1990, Greenbelt was placed in bankruptcy via an involuntary petition, see 11 U.S.C.A. Sec. 303(a) (West 1993), and on January 9, 1991, an order for relief was entered. Consequently, on January 25, 1991, Schlossberg was appointed as trustee and proceeded to administer the bankruptcy estate, which included the townhouses and the commingled general funds. The earnest money was commingled prior to Schlossberg's appointment as trustee. In the bankruptcy proceedings, Signet Bank was granted relief from the automatic stay pursuant to 11 U.S.C.A. Sec. 362(a) (West 1993), and foreclosed upon the townhouses. Unhappy with this turn of events, on March 19, 1992, the Schriders instituted an adversary proceeding in the bankruptcy court against Schlossberg, Greenbelt, the state court receiver Edward Nylen (Nylen), and two real estate management companies; but these latter litigants are not parties to this appeal.
 
 
 4
 The Schriders' complaint alleged four claims: (1) breach of contract based upon Greenbelt's failure to perform the contract; (2) breach of fiduciary duty by Nylen; (3) breach of fiduciary duty by Schlossberg; and (4) negligence. The Schriders sought the imposition of a constructive trust with respect to the earnest money and recovery of consequential damages. Schlossberg represented to the bankruptcy court that the Schriders filed a proof of claim for the consequential damages, see 11 U.S.C.A. Secs. 501(a), 502(a) (West 1993), and the Schriders did not contest this. The bankruptcy court concluded that any claim for consequential damages was to be resolved through distribution proceedings, not through an adversary proceeding. The parties have also agreed that the claim against Nylen is not before us. Consequently, the only issue before us is whether the bankruptcy court erred when it declined to impose a constructive trust in favor of the Schriders with respect to the earnest money.
 
 
 5
 Schlossberg filed a motion to dismiss the complaint pursuant to Bankruptcy Rule 7012(b)(6), and the Schriders filed a brief opposing the motion. Subsequently, the Schriders filed a motion for summary judgment against Greenbelt and the two real estate management companies pursuant to Bankruptcy Rule 7056(c), and Schlossberg filed a brief opposing the Schriders' motion for summary judgment. On July9, 1993, the bankruptcy court convened a hearing to resolve all outstanding motions. At this hearing, the bankruptcy court granted Schlossberg's motion to dismiss the complaint with prejudice with respect to Schlossberg in both his professional and individual capacities. The bankruptcy court's order also recited that "the [c]omplaint ... is dismissed with prejudice as to the Defendant Greenbelt ... but without prejudice to the rights of the [Schriders] to have their claim considered as a general unsecured claim without priority in the routine administration of claims against the subject[b]ankruptcy [e]state." (J.A. 101). At the hearing, the bankruptcy court stated that distribution proceedings, not an adversary proceeding, were the proper vehicle for resolving this case. The bankruptcy court also denied the Schriders' motion for summary judgment.[1]
 
 
 6
 The bankruptcy court premised its conclusions primarily on the affidavit of Theresa Schrider, which provided in pertinent part:
 
 
 7
 Defendant Greenbelt through its agents ... breached both [c]ontracts by failing, refusing, or neglecting to place any part of our earnest money deposits in an account accruing to our benefit; instead, Defendant Greenbelt through its agents, negligently or intentionally caused our earnest money deposits to become commingled with Greenbelt's funds.
 
 
 8
 (J.A. 42) (emphasis added). Applying Maryland law, the bankruptcy court concluded that because the Schriders acknowledged that Greenbelt originally commingled the earnest money with its funds, the Schriders could not establish a constructive trust. The district court summarily affirmed, and the Schriders appealed.
 
 II.
 
 9
 Although the parties dispute which claims were asserted against whom in which capacity via which procedural modes, we need not attempt to untangle the procedural knot into which this case evolved because we conclude that the Schriders are not entitled to a constructive trust because Greenbelt originally commingled the earnest money funds and they cannot be traced.[2] Given that the Schriders are not entitled to a constructive trust, the bankruptcy court properly denied them leave to amend their complaint. See Shealy v. Winston, 929 F.2d 1009, 1014 (4th Cir.1991) (stating that if a proposed amendment is futile then denial of leave to amend is proper). Amendment would be futile here because the Schriders are not entitled to the relief they seek. We hasten to add, however, that the Schriders may assert their grievance through the distribution proceedings. Thus, regardless of whether this case was resolved by way of dismissal or summary judgment, the same result ultimately obtains and leads to the conclusion that the bankruptcy court properly declined to impose a constructive trust. Accordingly, like the district court, we affirm.
 
 A.
 
 10
 The Bankruptcy Code provides that a debtor's legal and equitable interest in property as of the commencement of the case constitutes the "property of the estate." See 11 U.S.C.A. Sec. 541(a)(1) (West 1993). Section 541 also provides that "property of the estate" encompasses any interest in the property preserved for the benefit of or ordered transferred to the estate under the trustee's strongarm or avoidance powers. See Sec. 541(a)(4) (West 1993). The "property of the estate," therefore, is broadly defined and meant to be inclusive. See MidAtlantic Supply, Inc. of Va. v. Three Rivers Aluminum Co. ( In re MidAtlantic Supply Co.), 790 F.2d 1121, 1124 (4th Cir.1986). Balanced against this expansive definition, however, is Sec. 541(d), which provides that "[p]roperty in which the debtor holds ... only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C.A. Sec. 541(d) (West 1993). While the Bankruptcy Code in Sec. 541(a) provides what constitutes property of the estate, the Bankruptcy Code does not resolve the debtor's interest in the property, nor the nature of his interest. Resolution of this issue hinges on state law. See Universal Coops., Inc. v. FCX, Inc. ( In re FCX, Inc.), 853 F.2d 1149, 1153 (4th Cir.1988), cert. denied, 489 U.S. 1011 (1989). We must, therefore, examine Maryland law to determine whether to impose a constructive trust on property within the bankruptcy estate.
 
 B.
 
 11
 Maryland law provides that "[a] constructive trust is the remedy employed by a court of equity to convert the holder of the legal title to property into a trustee for one who in good conscience should reap the benefits of the possession of said property." Wimmer v. Wimmer, 414 A.2d 1254, 1258 (Md.1980). Under this rubric, "[t]he remedy is applied by operation of law where property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding the title to retain it." Id. Determining whether to impose a constructive trust is generally established by examining the "circumstances surrounding the inception of the transaction, and not from the effect of subsequent events." Mayor of Annapolis v. West Annapolis Fire & Improvement Co., 288 A.2d 151, 155 (Md.1972). While courts have used Sec. 541(d) to impose constructive trusts, see In re Mid-Atlantic Supply Co., 790 F.2d at 1127, Sec. 541(d) is not an "equitable panacea" justifying the imposition of a constructive trust whenever a debtor's misconduct caused a creditor to suffer, see XL/Datacomp, Inc. v. Wilson ( In re Omegas Group, Inc.), 16 F.3d 1443, 1453 (6th Cir.1994). Constructive trusts, therefore, cannot arise by posthoc rationalizations provided by putative beneficiaries who are displeased because they are merely general, unsecured creditors. The party seeking to impose a constructive trust must "establish ... that his funds can be traced to the account or property over which he seeks to impose a constructive trust." Brown v. Coleman, 566 A.2d 1091, 1097 (Md.1989). If the trust funds "ha[ve] been dissipated or so mingled and merged with the general assets of the insolvent estate as not to be separable or distinguishable therefrom, there is no identification, and the cestui que trust has no claim other than as a general creditor." County Comm'rs v. Page, 164 A. 182, 190-91 (Md.1933). Accordingly, the debtor's commingling putative trust funds with his own accounts is fatal to the imposition of a constructive trust. See Brown, 566 A.2d at 1099-1101 (affirming the denial of imposition of a constructive trust since the plaintiff could not trace the trust funds because the debtor commingled the funds with his own assets). The quantum of evidence necessary to establish a constructive trust is clear and convincing, Peninsula Methodist Homes & Hospitals, Inc. v. Cropper, 261 A.2d 787, 793 (Md.1970), and the burden of establishing this evidence rests with the party seeking to impose the trust, Brown, 566 A.2d at 1097. Courts have noted that the very concept of a constructive trust is contrary to the overall purpose of bankruptcy. See, e.g., Oxford Organisation, Ltd. v. Peterson (In re Stotler & Co.), 144 B.R. 385, 388 (N.D. Ill.1992) ("[A] constructive trust is fundamentally at odds with the general goals of the Bankruptcy Code."). As the court explained in Neochem Corp. v. Behring Int'l, Inc. (In re Behring Int'l, Inc.), 61 B.R. 896, 902 (Bankr.N.D.Tex.1986), "[t]he reluctance of [b]ankruptcy [c]ourts to impose constructive trusts ... stems from the recognition that each unsecured creditor desires to have his particular claim elevated above the others. Imposition of a constructive trust clearly thwarts the policy of ratable distribution and should not be impressed cavalierly." Constructive trusts, therefore, are not favored in this context because they operate to elevate the trust beneficiaries to preferred-creditor status without the putative beneficiaries' having taken any affirmative actions to secure a preferred priority. See Haley-Chisholm & Morris, Inc. v. Parrish, 127 B.R. 366, 371 (W.D.Va.1991).
 
 C.
 
 12
 Applying the above principles to the instant appeal, we conclude that the constructive trust was properly denied. Here, Theresa Schrider freely acknowledged in her affidavit that the earnest money was "commingled with Greenbelt's funds." (J.A. 42). We find this factual acknowledgment fatal to a party seeking the imposition of a constructive trust because it acknowledges that the funds were commingled from the outset and cannot be traced. Because the Schriders cannot establish the elements of a constructive trust, the bankruptcy court did not err in denying them leave to amend their complaint because amendment would serve no purpose. The bankruptcy court correctly sized up this case when it instructed the Schriders that "[y]ou're asking [Schlossberg] postpetition to redo a contract that's not assumed, in order to correct a breach that occurred prepetition by transferring money to the injured party at the expense of all other creditors, who also are getting zapped." (J.A. 76). We agree with the district court that the bankruptcy court properly declined to impose a constructive trust.
 
 III.
 
 13
 We conclude that regardless of the procedural lens through which their claims are viewed, the Schriders cannot establish the necessary elements for imposing a constructive trust; thus, the bankruptcy court properly denied them leave to amend their complaint. The Schriders, however, may present their grievance in the distribution proceedings as general, unsecured creditors. Thus, the Schriders are not left without a remedy; they simply are not entitled to the extraordinary remedy of a constructive trust. As the bankruptcy court observed, and as we agree, the Schriders misperceive the nature of bankruptcy. The Schriders' plight is unfortunate, but all too familiar--a contracting party abruptly discovers that he is no longer a contracting party, but an unsecured creditor in a distribution proceeding. The Schriders are simply unhappy with the fact that they, like other creditors, suffered because of Greenbelt's bankruptcy. They, like other creditors, must be satisfied with ratable distribution. In sum, we conclude that the bankruptcy court properly declined to impose a constructive trust. We express no opinion on the rulings not appealed.
 
 AFFIRMED
 
 
 [1]
 The written order merely states that the Schriders' motion for summary judgment was denied, with no further explanation. The transcript from the hearing reveals that the bankruptcy court granted summary judgment in favor of the Schriders with respect to one of the real estate management companies, but nothing in the written order reflects this ruling. Because this portion of the rulings was not appealed, we do not address it. We express no opinion as to this ruling's propriety. We also note that the Schriders have not supplied us with a copy of their brief accompanying their motion for summary judgment as submitted to the bankruptcy court, but merely the motion and the affidavit of Theresa Schrider
 
 
 [2]
 As the bankruptcy court observed, and as the parties conceded at oral argument before us, the proceedings below were far from a model of clarity