**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRENT E. POSS,
Plaintiff-Appellant,

v.                                                                                          No. 96-1931

CHARLES E. SMITH REALTY COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-95-1556-A)

Submitted: January 27, 1998

Decided: June 19, 1998

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey I. Ehrlich, LAW OFFICES OF JEFFREY I. EHRLICH,
Washington, D.C.; Jonathan C. Dailey, LAW OFFICES OF JONA-
THAN C. DAILEY, Washington, D.C., for Appellant. Thomas P.
Murphy, Eric A. Welter, REED, SMITH, SHAW & MCCLAY,
McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brent Poss appeals from the district court's order granting summary judgment to Charles E. Smith Realty Company (Smith Realty) and dismissing his sexual discrimination complaint. Poss was employed as a utility maintenance man by Smith Realty, which manages Concord Village, an apartment town house complex. Poss's direct supervisor was the engineer at Concord Village, Will Smith, who supervised the maintenance staff.

Soon after Poss began working for Smith Realty, he was befriended by Roland Zabala, the assistant property director at Concord Village. Poss alleges that about two weeks after he started working at Concord Village, he went to Zabala's apartment to pay Zabala the remainder of the money he owed for a video cassette recorder he bought from Zabala and Zabala made a homosexual advance towards Poss. As Poss stood at Zabala's door, Zabala asked him if he wanted to come back that night and watch a pornographic movie with him. Poss reluctantly responded, "yeah." Zabala told Poss to bring a condom because "things might get intimate." Poss asked, "what?" Zabala responded, "it's just going to be me and you alone. Things might get intimate."

Poss replied, "I don't do that." Poss further stated, "you're lucky if I don't tell Will tomorrow." Zabala replied that Poss would not be believed because he had only worked for the company for two weeks, while Zabala had worked for Smith Realty for over a year and that Poss would end up getting fired. Poss then walked away from Zabala's apartment. Poss did not immediately report this incident to anyone. Zabala denies that this incident took place.

Poss alleges that Zabala retaliated against him for rejecting his homosexual advance on six subsequent occasions. Poss filed a Title

2

VII complaint against Smith Realty. The district court dismissed one of the counts with prejudice and granted Smith Realty's motion for summary judgment as to all remaining issues. Poss timely appeals.

On appeal, Poss claims that there are genuine issues of material fact as to whether Poss was the victim of quid pro quo sexual harassment and whether he was constructively discharged. Smith Realty contends that Poss did not properly raise a claim of quid pro quo sexual harassment in his complaint. We find that it is unnecessary to determine whether the claim was properly raised in the complaint because, in any event, Poss has not established a claim of quid pro quo sexual harassment.

This court reviews a district court's grant of summary judgment de novo and affirms only if the record reveals no genuine issue of material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). A genuine issue of material fact exists when the evidence presents a sufficient disagreement to require submission to a jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in the light most favorable to the non-moving party. See Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990).

Sexual discrimination can be categorized as either hostile work environment harassment, or quid pro quo harassment. See Spencer v. General Elec. Co., 894 F.2d 651, 658 (4th Cir. 1990). Quid pro quo harassment can be established by proving each of five prima facie elements. See id. Once the prima facie case is established, a presumption arises that the plaintiff has suffered quid pro quo sexual harassment and the burden of production shifts to the defendant to rebut this presumption with legitimate, nondiscriminatory reasons for the employment decision in question. See id. at 659. If the presumption is rebutted, the burden of production returns to the plaintiff to show that the defendant's proffered nondiscriminatory reasons are pretextual and that the employment decision was based on a sexually discriminatory motive. See id. Throughout this shifting scheme of evidentiary burdens, the ultimate burden of persuasion remains with the plaintiff. See id. Furthermore, employers are strictly liable for quid pro quo sexual harassment by supervisors. See Katz v. Dole, 709 F.2d 251, 255 n.6 (4th Cir. 1983).

3

Smith Realty contends that Poss is not in a protected group--one of the requirements of a quid pro quo claim--because he is alleging same-sex sexual harassment by a homosexual. We find that this issue need not be resolved in this case because Poss has not established a quid pro quo sexual harassment claim.

This court has noted that quid pro quo sexual harassment is "`harassment in which a supervisor demands sexual consideration in exchange for job benefits.'" Katz, 709 F.2d at 254 (quoting Henson v. City of Dundee, 682 F.2d 897, 908 n.18 (11th Cir. 1982)). Poss does not allege nor does the evidence establish, however, that Zabala requested sexual favors from him in exchange for favorable job benefits. Accordingly, Poss has failed to establish a claim of quid pro quo sexual harassment.

Poss next contends that the district court erroneously granted summary judgment to Smith Realty on his constructive discharge claim. Poss alleges that he was constructively discharged when he quit.

In this circuit, the standard for constructive discharge requires a plaintiff to establish both intolerable working conditions and a deliberate effort by the employer to force the employee to quit. See Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1353-54 (4th Cir. 1995); Johnson v. Shalala, 991 F.2d 126, 131 (4th Cir. 1993). Poss has neither shown intolerable working conditions nor a deliberate effort by Smith Realty to force Poss's resignation. As the district court noted, Poss established an isolated incident of sexual harassment about which Poss did not immediately complain. As for the other six complained of incidents, Poss admitted that two were justified. The other four were of a relatively de minimis kind of disciplinary action and Poss did not provide any direct evidence that Zabala was involved in them. Thus, Poss has not established intolerable working conditions. Because Poss has failed to demonstrate intolerable working conditions, it is unnecessary to address the deliberateness of Smith Realty's actions. See Shealy v. Winston, 929 F.2d 1009, 1013 (4th Cir. 1991).

Accordingly, we affirm the district court's order granting summary judgment to Smith Realty and dismissing Poss's discrimination complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court

and argument would not aid the decisional process.

AFFIRMED