Jennifer Evans DAUGHERTY, Plaintiff

v.

GENESIS HEALTH VENTURES OF
SALISBURY, INC., Defendant

No. CIV. AMD 03–2103.

United States District Court,
D. Maryland.

May 10, 2004.

Robin R. Cockey, Cockey Brennan and Maloney, Salisbury, MD, for Plaintiff.

Darryl G. McCallum, J. Michael McGuire, Shawe and Rosenthal LLP, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

DAVIS, District Judge.

Plaintiff, Jennifer Evans Daugherty, was employed as a Certified Nursing Assistant for the defendant, Genesis Health Ventures of Salisbury, Inc., at a long term nursing facility from July 20,2001, until she was terminated on or about October 15, 2001. It is undisputed that plaintiff was terminated because defendant would not accommodate lifting and other restrictions on her ability to perform essential functions of her job in consequence of her pregnancy. Plaintiff instituted the present action seeking damages pursuant to Title VII of the Civil Rights Act of 1964, specifically the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k).[1] Discovery has concluded and now pending is defendant's motion for summary judgment. No hearing is necessary. For the reasons stated below the motion shall be granted.

A party moving for summary judgment is entitled to a grant of summary judgment only if no issues of material fact remain for the trier of fact to determine at trial. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir.1991). A fact is material for purposes of summary judgment, if when applied to the substantive law, it affects the outcome of the litigation. *Anderson,*

477 U.S. at 248, 106 S.Ct. 2505. Mere speculation by the non-movant cannot stave off a properly supported motion for summary judgment. *See Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Shealy,* 929 F.2d at 1012. To be sure, all permissible inferences must be drawn in the light most favorable to the non-moving party. *See Matsushita,* 475 U.S. at 587–88, 106 S.Ct. 1348.

As mentioned above, there is no dispute that plaintiff was terminated based on restrictions imposed by her doctor on the performance of her job duties. Further, it is not disputed that plaintiff could not perform certain of her duties, e.g., lifting more than 75 pounds. The gravamen of plaintiff's claim is that defendant's failure to provide "light duty" assignments to pregnant workers such as plaintiff violates the PDA. Defendant responds that its refusal to assign "light duty" work to pregnant nursing staff employees is not discriminatory within the meaning of the PDA because it has a longstanding policy of withholding "light duty" assignments for *all* employees who have work restrictions other than those employees with such restrictions as a result of on-the-job injuries. Such employees, on account of state work-

---

1. Plaintiff has abandoned her claim under the Americans with Disabilities Act, 42 U.S.C. § 12102 *et seq.*

ers' compensation laws, must be paid substantial remuneration (directly or through relevant insurance) whether or not they perform "light duty." In other words, under the defendant's policy, the existence of which is not substantially challenged by plaintiff, any man or woman nursing staff employee who is temporarily disabled from performing the essential functions of his or her job as a result of a non-work-related disability is not eligible for "light duty."

Nor is it genuinely disputed by plaintiff that defendant's policy is rooted in the economic realities of the nursing home industry, i.e., that it is justified by "business necessity." As described by defendant, the policy reflects the following reality:

As a long-term care facility, it is critical that Genesis employ nurses and nursing assistants who can provide direct patient care, including, but not limited to, lifting and transporting [its] residents who are unable to ambulate by themselves.

As a result, Genesis requires its Certified Nursing Assistants to be able to lift, push and pull at least 75 pounds ....

One reason for [the policy of not assigning light duty to any employee other than an employee injured on-the-job] is that [its] nursing home centers operate under tight budgetary constraints as well as stringent state and federal regulations. Failure to provide a sufficient staff of nursing assistants who are able to give direct patient care, which involves, among other things, lifting and transporting patients, could jeopardize [defendant's] license to operate as a long-term care facility. Offering light

duty to employees who are injured off the job or become pregnant would put a tremendous strain on [defendant's] ability to provide direct patient care, as [defendant] would be directing resources that had been budgeted for those employees who are able to give direct patient care toward those who cannot. On the other hand, Genesis feels a special obligation toward those who have been injured on the job, and [is] obligated to pay them regardless of whether they are at work.

Def's Exh. 3, at ¶¶ 4, 5, and 7.

Plaintiff has failed to marshal any evidence to call into question the bona fides of defendant's limited "light duty" policy, although she has argued vigorously that the policy is unfair if not arbitrary. That may be, but plaintiff has not remotely shown that the policy has ever been applied in a discriminatory manner.[2] Nor has plaintiff mounted a serious challenge to the economic justifications for the policy.

 Thus, although the parties have devoted much attention to various proof schemes, including the "shifting burdens" paradigm based on *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), this is a simple case of undisputed, intentionally disparate treatment. As a matter of law, however, the disparate treatment of pregnant nursing staff who are able to perform only "light duty" (compared to those needing "light duty" because they were injured on-the-job) does not rise to the level of unlawful discrimination.[3] Although the Fourth

2. Notably, some weeks before she learned she was pregnant, plaintiff had suffered an on-the-job injury and had been assigned to light duty tasks. Nevertheless, plaintiff has not identified a single instance of a male employee or a non-pregnant female employee who received such an accommodation for an off-the-job disability.

3. Plaintiff testified on deposition to certain comments made by managerial employees of the defendant, both at the time she was hired and around the time she disclosed she was

Circuit has not addressed the specific question, the clear weight of precedent is that an employer is not required to treat disability arising from pregnancy *more favorably* than it treats other forms of temporary disability. *See Armstrong v. Flowers Hospital*, 33 F.3d 1308, 1317 (11th Cir.1994)("Statements in the legislative history make it clear that the PDA does not require employers to extend any benefit to pregnant women that they do not already provide to other disabled employees.")(collecting cases). Rather, the rule seems to be that disability arising from pregnancy cannot be singled out for *less favorable* treatment. *Id.* In this case, it is undisputed by plaintiff that defendant treats all disabilities among the nursing staff that arise other than on-the-job equally: such employees are not eligible for light duty. Accordingly, defendant is entitled to judgment as a matter of law.[4]

### ORDER

In accordance with the foregoing Memorandum Opinion, it is this 10th day of May, 2004, by the United States District Court for the District of Maryland, ORDERED

(1) That the defendant's motion for summary judgment is GRANTED; and it is further ORDERED

(2) That JUDGMENT IS HEREBY ENTERED IN FAVOR OF DEFENDANT AGAINST PLAINTIFF; and it is further ORDERED

(3) That the Clerk shall CLOSE THIS CASE.

pregnant, that were suggestive of an "anti-pregnancy" attitude on the part of defendant generally. As a matter of law, however, those comments do little more than reflect the explicit policy which I conclude on this record does not rise to the level of "discrimination." In other words, it is clear that defendant had an "animus" toward pregnant nursing staff employees who have substantial work restrictions, just as it had an "animus" toward nursing staff employees (male and female) who, on account of injuries or illnesses suffered off-the-job, must be replaced by new hires under the "no light duty" policy. As mentioned above, the disparate treatment here is clearly intentional, but it does not equal unlawful discrimination, because the disparate treatment complained of does not involve a classi-

fication that singles out pregnancy-based disability for less favorable treatment.

4. Plaintiff makes a belated (and only passing) reference to a "disparate impact" theory of discrimination. In the Fourth Circuit, an individual suing for disparate treatment discrimination generally may not rely on a disparate impact theory other than in a "pattern and practice" or class action proceeding. *See Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 760–62 (4th Cir.1998), *vacated on other grounds*, 527 U.S. 1031, 119 S.Ct. 2388, 144 L.Ed.2d 790 (1999). This is not such a case. In any event, there is nothing "facially neutral" about defendant's policy; it explicitly excludes pregnancy (together with all other off-the-job disabilities) from eligibility for light duty assignments.