Patricia Ellen **GREER**, Plaintiff,

v.

**ANNE ARUNDEL COUNTY, MD, et al., Defendants.**

**Civil No. AMD 98–2184.**

United States District Court, D. Maryland.

April 8, 1999.

Jerome T. May, Annapolis, MD, for plaintiff.

John F. Breads, Jr., Senior Assistant County Attorney, Annapolis, Md, for defendants.

## MEMORANDUM

DAVIS, District Judge.

Pending before the Court in this constitutional tort action is the motion for summary judgment filed by defendants, (referred to collectively as "the County"), and plaintiff Patricia E. Greer has filed an opposition to the County's motion as well as a cross motion for partial summary judgment. No hearing is necessary. For the reasons set forth below, the County's motion shall be granted in part, and the federal claims shall be dismissed with prejudice. The state law claims shall be remanded to the Circuit Court for Anne Arundel County from whence this case was removed. Greer's cross motion for summary judgment shall be denied.

### (i)

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If "the evidence [is] so one-sided that one party must prevail as a matter of law," the court must grant summary judgment in that party's favor. *Id.* at 268, 106 S.Ct. 2505. "Summary judgment is not appropriate when there is an issue of fact for a jury to determine at trial, which is the case when there is sufficient evidence favoring the non-moving party upon which a jury can return a verdict for that party." *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir.1991).

Mere speculation cannot stave off a properly supported motion for summary judgment. *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). To survive a motion for summary judgment, a party may not rest on its pleadings, but must demonstrate that specific, material facts exist which give rise to a genuine issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, the court assumes that all of the non-moving party's evidence is worthy of belief, and all justifiable inferences are to be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Matsushita Elec. Industr. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Only when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," can the court grant a motion for summary judgment. *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

Proper application of these principles to the record here requires that the federal claims asserted against the County be dismissed with prejudice.

### (ii)

The facts material to the motion are not genuinely disputed. Plaintiff became involved in a fight at a tavern with another woman ("the victim"). The victim reported that she had been assaulted and the Anne Arundel County police undertook an investigation. The officers believed that the victim's injuries, photographs of which are in the record, were of sufficient seriousness that a felony, e.g., assault with intent to maim, rather than a mere misdemeanor assault and battery, had been committed. Within a day or so, the victim learned Greer's name and address and reported same to the police.

The police conducted searches of state motor vehicle records and they also checked the computerized state data base of outstanding warrants. By doing so, the police confirmed that (1) Greer was indeed the other participant in the tavern fight with the victim, and (2) the warrant data base contained an entry reflecting that a 1987 bench warrant was outstanding on a charge of "welfare fraud" for a "Patricia Greer" with a residence in Anne Arundel County and who generally fit the description of plaintiff Greer as reflected in the motor vehicle records. It must be noted that although the date of birth provided in

the warrant data base was off by a decade, the police also had information that "Patricia Greer" had used an alias and a false date of birth.

Thus, without first obtaining an arrest warrant for any charge arising from the tavern fight, and without the original or a copy of the warrant reflected in the data base, officers went to Greer's home late one night. The record does not explain how the officers gained admission to Greer's home other than Greer's cryptic assertion in her memorandum that they "demanded entry." In any event, apparently Greer's mother or daughter (whose age is not disclosed but who is licensed to drive a motor vehicle) admitted the officers. Greer "was awakened and came downstairs" to discuss the situation with the officers; the officers were already in the house when she came down. They advised her of both the warrant and of their immediate desire to arrest her based on the victim's report. Although protesting that "her name was not 'Greer' in 1987," Greer returned to the bedroom and got dressed and she was arrested and subsequently processed. Although she was shortly released without bail on the assault charges, she was detained for an additional period of time on the ten year old bench warrant.

Greer instituted suit in state court for false arrest, negligence and other claims and, as Count VI of her amended complaint, a general claim under 42 U.S.C. § 1983. The arresting officer and the County have given conflicting accounts as to the authority for the arrest of Greer. On the one hand, the officer claims to have made a warrantless arrest on probable cause to believe Greer had committed a felony; on the other hand, the County has argued that he also could have effected Greer's arrest on the basis of the outstanding bench warrant. Greer intimates (but, curiously, never flatly denies) that the bench warrant was not issued for her.

(iii)

■ The County accurately describes Greer's sole federal claim, asserted in count VI, as having alleged "in generic fashion" violations of her "First, Fourth, Fifth, Eight and Fourteenth Amendment" "rights and immunities." Apparently, the process of discovery has not particularized Greer's claim. Fortunately, Greer's opposition to the County's motion and her cross motion for summary judgment make clear that the gravamen of her claim is a purported violation of the rule of *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (absent consent to the entry by law enforcement officers, routine felony arrest in the home must be authorized by a warrant or exigent circumstances). This claim fails.

As a matter of law, the officers had both probable cause to believe Greer had committed a felony (as the state judge who conducted the preliminary hearing in her case later found) and also, the officers acted in an objectively reasonable fashion in forming the belief that the decade-old bench warrant was issued for Greer. *See generally Elliott v. Leavitt,* 99 F.3d 640, 642 (4th Cir.1996) (applying qualified immunity to police officers charged with a Fourth Amendment excessive force violation); *see also id.,* 105 F.3d 174, 178 (4th Cir.1997) (explicating purpose of qualified immunity defense; collecting Supreme Court cases) (Wilkinson, Chief Judge, concurring in denial of rehearing en banc).

■ Moreover, even if the bench warrant was issued for someone other than Greer, it is well settled that police officers may make mistakes without violating the Fourth Amendment, *Illinois v. Rodriguez,* 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990); *Maryland v. Garrison,* 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987); *Gooden v. Howard County, Md.,* 954 F.2d 960, 966 (4th Cir.1992) (en banc); *Barnes v. Md. Nat'l Capital Park & Planning Com'n,* 932 F.Supp. 691, 695 (D.Md. 1996), and they may violate the Fourth Amendment without incurring civil liability

where a reasonable police officer would not have known she was committing such a violation. *See e.g., Gooden,* 954 F.2d at 966.

Thus, any and all of Greer's Fourth Amendment claims fail, including the *Payton* claim and any municipal liability claim (the elements of which are not remotely alleged). First of all, even if the officers *forced* their way into Greer's home (a conclusion at odds with the record), the existence of the bench warrant satisfied *Payton.* More fundamentally, the only reasonable inference supported by the record is that Greer's mother or daughter *admitted* the officers into the home. Thus, a warrantless arrest inside the home would be constitutionally permissible since the officers had a right to be where they were at the time of the arrest. *See Gordon v. Degelmann,* 29 F.3d 295, 301 (7th Cir.1994). Of course, the fact that the officers did not have a copy of the warrant is constitutionally irrelevant. Accordingly, the County is entitled to judgment as a matter of law as to count VI of the amended complaint, the only count asserting a federal claim.

(iv)

There is not even a hint in the record that there may be complete diversity of citizenship between the parties here; the Court's jurisdiction over the state law claims rests on supplemental jurisdiction. It is the general rule in this circuit that once federal claims have been finally resolved on pre-trial motion in such a case, supplemental jurisdiction over pendent state law claims should be declined. 28 U.S.C. § 1367(c)(3); *see Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Taylor v. Waters,* 81 F.3d 429, 437 (4th Cir.1996); *Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir.1995). I shall, therefore, remand the state law claims in this case to the Circuit Court for Anne Arundel County. An order follows.

## ORDER

In accordance with the foregoing Memorandum, it is this 8th day of April, 1999, by the United States District Court for the District of Maryland,

(1) ORDERED that the motion for summary judgment filed by Defendants, BE, and it hereby is GRANTED, IN PART, and COUNT 6 OF THE AMENDED COMPLAINT IS DISMISSED WITH PREJUDICE; and it is further

(2) ORDERED that COUNTS I–V OF THE AMENDED COMPLAINT ARE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY; and it is further

(3) ORDERED that the Clerk of the Court CLOSE THIS CASE and TRANSMIT copies of this Order and the foregoing Memorandum to counsel of record.