**Andre ROBINSON, Plaintiff**

v.

**BALTIMORE CITY POLICE DEPT., et al., Defendants**

**No. CIV. AMD–01–140.**

United States District Court, D. Maryland.

Jan. 24, 2002.

Robert L. Smith, Jr., Smith & Dailey, LLC, Baltimore, MD, for Andre Robinson.

Maurice Albert Bellan, Peter Saar, Baltimore Police Dept., Office of Legal Affairs, Baltimore, MD, for Baltimore City Police Dept., Thomas C. Frazier.

Deborah K. St. Lawrence, Gary Gilkey, Dept. of Law, Baltimore, MD, for Mayor and City Council of Baltimore.

## AMENDED MEMORANDUM

DAVIS, District Judge.

The plaintiff, Andre Robinson, an African–American male police officer with the Baltimore City Police Department, instituted this employment discrimination lawsuit against the Mayor and City Council of Baltimore, the Department and the former Police Commissioner (sued in his official capacity only) alleging unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, as well as several state law claims for wrongful discharge and the like. Now pending are the defendants' motions for summary judgment. Having considered the parties' memoranda and exhibits, I am satisfied that no hearing is necessary. Local Rule 105.6. For the reasons explained below, I shall grant the motions for summary judgment as to the sole federal claim. I decline to exercise supplemental jurisdiction over the state law claims.

(i)

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material for purposes of summary judgment, if when applied to the substantive law, it affects the outcome of the litigation. *Id.* at 248, 106 S.Ct. 2505. Summary judgment is also appropriate when a party "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir.1991). Of course, the facts, as well as the justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court, however, has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial. *See Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987).

(ii)

Robinson joined the police department in 1993. Since then and at the time he filed this case in January 2001, he has worked as a patrol officer. The summary judgment record shows, unmistakably, that he has been engaged in an on-going series of charges and counter-charges with seemingly every white supervisor, including sergeants, lieutenants and the one major, under whom he has worked. Their

charges against him include insubordination of various types; failure to obey orders; absence from his assigned post; and similar alleged misconduct. His charges against them include "unfair and unjust treatment;" race discrimination and retaliation.

In December 1998, Robinson was terminated by the police commissioner on the recommendation of a departmental trial board after a full hearing on some of the charges placed against him. In accordance with the statutory provisions of the Maryland "Law Enforcement Officers' Bill of Rights," Robinson sought judicial review of his termination. He was successful, and in June 1999 the Circuit Court for Baltimore City, concluding that the department had misapplied its disciplinary standards, vacated his termination and remanded the matter for the imposition of a lesser sanction. Robinson was returned to duty in August 1999 and, upon reconsideration after the remand, the department did not terminate Robinson and he remains employed as a patrol officer. Nevertheless, Robinson's (now remedied) termination is the gravamen of his claim in this court, as he seemingly recognizes that the other allegedly "adverse actions" taken against him in the course of the disciplinary proceedings leading to his termination, e.g., suspension of his police powers and reassignment to "desk duty," do not rise to the level of material adverse employment actions cognizable under federal law. *See infra.*

In any event, Robinson filed a charge of race discrimination under Title VII on or about September 16, 1997, and he amended the charge in November 1997. The Equal Employment Opportunity Commission ("EEOC") deferred investigation of the charge to the Baltimore Community Relations Commission ("CRC"). The CRC staff conducted an investigation and issued

findings of fact on or about February 24, 2000. The staff found no probable cause to believe that Robinson had been discriminated against or, by necessary implication, retaliated against. Robinson elected not to appeal the staff determination and requested the CRC to return the matter to the EEOC; Robinson was soon issued a right to sue notice. Robinson has now asserted a claim for race discrimination in this case.

At the time of his successful challenge to his termination, Robinson had pending against him additional charges of misconduct. Apparently as a result of his filing of this case, in part, the department has abandoned its present efforts to discipline him.

### (iii)

In the absence of direct or circumstantial evidence of a retaliatory motive, claims of retaliation for invoking procedures intended to protect workers from unlawful discrimination are analyzed for summary judgment purposes under the familiar *McDonnell Douglas* scheme common to discrimination claims. *See Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 278 (4th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 181, 148 L.Ed.2d 125, *reh'g denied*, 531 U.S. 1031, 121 S.Ct. 613, 148 L.Ed.2d 524 (2000), (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Retaliation claims are cognizable under 42 U.S.C. § 1981, *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir.2001); *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 105 (2d Cir.2001), and the Supreme Court has held that the well-known *McDonnell Douglas* proof scheme also applies to claims brought under 42 U.S.C. § 1981. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *see also Mallory v. Booth Refrigeration Supply Co.*, 882 F.2d 908, 910 (4th Cir.1989)(stating "the framework of proof for disparate treatment claims—that is, whether the employer intentionally discriminated against the employee—is the same for actions brought under Title VII or § 1981."). Thus, although the inclusion of a redundant retaliation claim under 42 U.S.C. § 1981 in the amended complaint appears to have been an afterthought, it nevertheless renders irrelevant the defendants' arguments that Robinson failed to satisfy Title VII's administrative exhaustion requirement. *Spriggs*, 242 F.3d at 184 n. 4.

The elements of a prima facie case of retaliation are well-settled. A plaintiff must prove:

(1) He engaged in protected activity;

(2) The employer took an adverse employment action against him; and

(3) There is a causal connection between the protected activity undertaken by plaintiff and the adverse employment action taken by the defendant.

*See Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir.2001). The defendant may then rebut the prima facie case by showing that there were legitimate nondiscriminatory reasons for the adverse action. *See Munday v. Waste Management of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir.1997), *cert. denied*, 522 U.S. 1116, 118 S.Ct. 1053, 140 L.Ed.2d 116 (1998). The burden then shifts back to the plaintiff to show that those reasons are pretextual.

■ To be considered an adverse action under the second prong of the prima facie case, an incident must have "adversely affected 'the terms, conditions, or benefits' of plaintiff's employment." *Von Gunten*, 243 F.3d at 863 (citation omitted). Adverse employment actions include retaliatory harassment, but only if that act or harassment results in an adverse effect on the "terms, conditions, or benefits" of employ-

ment. *Von Gunten v. Maryland Dep't of Env't,* 68 F.Supp.2d 654, 662 (D.Md.1999) ("'[E]vidence that the terms, conditions, or benefits of employment were adversely affected' is the sine qua non of an 'adverse employment action.'"), *aff'd,* 243 F.3d 858 (4th Cir.2001) (quoting *Munday,* 126 F.3d at 243).

### (iv)

■ As mentioned above, the gravamen of Robinson's claim is that his termination, now rescinded, was an act of purposeful retaliation. It might be assumed, *arguendo,* that Robinson has established a prima facie case of retaliation. The record is utterly devoid, however, of any evidence which tends to prove that the members of the trial board that recommended Robinson's termination were motivated by Robinson's having filed a charge of race discrimination. Indeed, Robinson points to no evidence that the members of the trial board even knew that he had filed charges of discrimination. This evidentiary gap is fatal to Robinson's retaliation claim. *Dowe v. Total Action Against Poverty,* 145 F.3d 653, 657 (4th Cir.1998)("To satisfy the third element, the employer must have taken the adverse employment action because the plaintiff engaged in a protected activity. Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case.").

■ Moreover, even if the commanding officer's recommendation to the trial board that Robinson be terminated and/or the police commissioner's decision to implement the trial board's recommendation are independently actionable, the record evidence leaves no doubt that Robinson has failed to rebut the defendants' showing of a legitimate non-retaliatory reason for their recommendations and action. It must be recalled that Robinson's "convictions" for violations of departmental policy were left undisturbed by the Circuit Court for Baltimore City. Thus, if the claim is viewed as a disparate discipline claim, it is incumbent upon Robinson to project evidence that similarly situated individuals, i.e., *officers with a record of discipline substantially like Robinson's who had not filed charges of discrimination,* were treated more favorably. Here, however, in an inexplicable confusion of theories, Robinson seemingly has mixed issues of race discrimination and retaliation. Moreover, without citation to any record evidence, he argues that the commanding officer who recommended Robinson's termination "clearly admitted that he had never before recommended termination for officers who were found off their posts." *See* Pl.'s Resp. at 14. But this unsupported assertion falls far short of the evidence needed to generate a genuine dispute of fact as to whether the commanding officer honestly doubted that Robinson's overall disciplinary record deserved the ultimate sanction, and that the true motivation was unlawful retaliation.

Robinson's speculative reliance on the *possibility* of a retaliatory motive is insufficient as a matter of law to avoid summary judgment on his federal claim. The sole case cited by Robinson, *Sumner v. U.S. Postal Service,* 899 F.2d 203 (2d Cir. 1990), is both illustrative of a compelling case of unlawful retaliation and manifestly distinguishable from the instant case. The evidence in the trial record in that nonjury case was so overwhelming (e.g., evidence of the plaintiff's repeated successful grievances and successful discrimination charges against his supervisors, followed by his discharge for a largely trivial, if not non-existent, infraction) that the Second

Circuit panel concluded that the trial judge was "clearly erroneous" in his finding that the plaintiff had not proven pretext. *See id.* at 209 ("Although no one piece of evidence is dispositive, the confluence of circumstances leaves us with a 'definite and firm conviction' that a mistake was committed when the district court concluded that the Postal Service's explanation for terminating [plaintiff] was not pretextual and that no impermissible motive played a part in the decision."). Furthermore, in *Sumner,* direct evidence bolstered the indirect proof. *See id.* at 210 ("In addition to indirect evidence that the stated reasons for termination were pretextual, the record contains some direct evidence that the Postal Service's decision was based on impermissible motives."). *Sumner* is no solace for Robinson here.

Although not cited by Robinson, the Supreme Court clarified the plaintiff's burden at the pretext stage of a *McDonnell Douglas* analysis in *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The Court reiterated that evidence of pretext, combined with the plaintiff's prima facie case, does not *compel* judgment for the plaintiff, because "[i]t is not enough . . . to disbelieve the employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination." *Id.* (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 519, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). However, *Reeves* made plain that, under the appropriate circumstances, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* Robinson's showing here is not saved by the *Reeves* test. Accordingly, defendants are entitled to judgment as a matter of law as to the claim for retaliation.

### (v)

For the reasons above stated, I shall grant summary judgment as to the sole federal claims. I shall decline to exercise supplemental jurisdiction over the state law claims, *see* 28 U.S.C. § 1367(c), and I shall dismiss those claims without prejudice. An order follows.

### ORDER

In accordance with the foregoing Memorandum, it is this 24th day of January, 2002, by the United States District Court for the District of Maryland, ORDERED

(1) That the defendants' motions for summary judgment are GRANTED IN PART AND DENIED IN PART; and it is further ORDERED

(2) That JUDGMENT IS ENTERED IN FAVOR OF DEFENDANTS AS TO ALL FEDERAL CLAIMS AND THE STATE LAW CLAIMS ARE DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION; and it is further ORDERED

(3) That the Clerk shall CLOSE THIS CASE and TRANSMIT copies of this Order and foregoing Memorandum to all counsel.